## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

March 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVE TRIPPETT,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0895** (BOR Appeal No. 2045198 & 2045295)
(Claim No. 2009079901)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CENTURY ALUMINUM OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Steven Trippett, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Century Aluminum of West Virginia, Inc., by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 10, 2011, in which the Board affirmed the September 28, 2010, and October 25, 2010, Orders of the Workers' Compensation Office of Judges. In its September 28, 2010, Order, the Office of Judges affirmed the claims administrator's August 24, 2009, decision denying the reopening of the claim for total temporary disability benefits. In its October 25, 2010, Order, the Office of Judges affirmed the claims administrator's July 9, 2009, decision holding the claim compensable only for neck sprain and denying as compensable the diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Trippett worked for Century Aluminum of West Virginia, Inc. On July 9, 2009, the claims administrator held the claim compensable for a neck sprain only and denied as compensable the diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region. On August 24, 2009, the claims administrator denied the reopening of the claim for total temporary disability benefits because Mr. Trippett failed to demonstrate an aggravation or progression of the January 25, 2009, injury.

Mr. Trippett argues that he has submitted credible and reliable medical evidence from Dr. Shramowiat, which documents his ongoing temporary total disability status as beginning one week after his work-related injury and provided a medical foundation for adding the diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region as compensable, and that he was working without any problems prior to his work-related injury on January 25, 2009. Century Aluminum of West Virginia, Inc. maintains that Mr. Trippett failed to show a progression or aggravation of the compensable condition and that Mr. Trippett's diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region resulted from the 2005 motor vehicle accident and not the work-related injury.

In its September 28, 2010, Order, the Office of Judges affirmed the claim administrator's August 24, 2009, decision denying the reopening of the claim for temporary total disability benefits. Under West Virginia Code §§ 23-5-2 (2005) and 23-5-3 (2009), the claimant must make application in writing showing a progression or aggravation of the compensable condition or some other fact or facts, which were not previously considered that would entitle the claimant to greater benefits than he or she has already received. The Office of Judges considered Dr. Bachwitt's findings that Mr. Trippett had reached maximum medical improvement in regards to the January 25, 2009, cervical sprain/strain. The Office of Judges concluded that Mr. Trippett failed to demonstrate an aggravation or progression of the January 25, 2009, work-related injury.

In its October 25, 2010, Order, the Office of Judges affirmed the claim administrator's July 9, 2009, decision holding the claim compensable for neck sprain only and denying as compensable the diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region. West Virginia Code § 23-4-1 (2008) provides for benefits to employees who receive an injury in the course of and as a result of their covered employment. Three elements must coexist in compensability cases: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. The Office of Judges considered the medical evidence of the record that Mr. Trippett had experienced ongoing problems with his cervical region since the November 30, 2005, motor vehicle accident and that Dr. Bachwitt found Mr. Trippett had reached maximum medical improvement in regards to the January 25, 2009, work-related injury and found no evidence of radiculopathy. The Office of Judges concluded that Mr. Trippett failed to establish that the diagnoses of brachial neuritis or radiculitis and intervertebral disc disorder with myelopathy of the cervical region are attributable to the

January 25, 2009, work-related injury. The Board of Review reached the same reasoned conclusions in its decision of May 10, 2011, Order affirming both Office of Judges' Orders. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum